(ryu)

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for Defendants

DISTRICT COURT OF GUAM

------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ( | Criminal Case No. 07-00078 |
| | ) | |
| Plaintiff, | ( | MEMORANDUM IN SUPPORT |
| | ) | OF MOTION BY DEFENDANT |
| vs. | ( | JUAN C. TENORIO TO DISMISS |
| | ) | COUNT I OF THE INDICTMENT |
| JUAN C. TENORIO and | ( | |
| CHARLENE F. TENORIO, | ) | |
| | ( | |
| Defendants. | ) | |

------------

Count I of the indictment charges Defendant Juan C. Tenorio with the unlawful concealment of assets in connection with a bankruptcy case:

> 16. From on or about August 25, 1999 to at least August 23, 2002 in the District of Guam, JUAN C. TENORIO did knowingly and fraudulently conceal from the trustee charged with the control and custody of property and creditors of the debtor in a bankruptcy proceeding under Title 11, United States Code, entitled *In*

> *Re* Juan C. Tenorio & Associates, Inc., Case Number 99-00084, in the United States Bankruptcy Court in the District of Guam, property belonging to the estate of the debtors, Juan C. Tenorio & Associates, Inc. to-wit: accounts receivable of approximately $199,817.05 from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited regarding architectural, engineering and landscaping services provided by Juan C. Tenorio & Associates, Inc. for the Tinian Dynasty Hotel and Casino, formerly known as Tinian Casino Palace Hotel.
>
> All in violation of Title 18, United States Code, Sections 152(1) and 2.

(Indictment 3-4 (filed Aug. 15, 2007).)

18 U.S.C. § 3282(a) provides, "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

18 U.S.C. § 3284 provides:

> The concealment of assets of a debtor in a case under title 11 shall be deemed to be a continuing offense until the debtor shall have been finally discharged or a discharge denied, and the period of limitations shall not begin to run until such final discharge or denial of

2

discharge.

On December 6, 1999, the bankruptcy case described in Count I was converted from a chapter 11 reorganization to a chapter 7 liquidation:

> 11. On or about August 25, 1999, Juan C. Tenorio & Associates, Inc. filed a petition under Chapter 11 of the Bankruptcy Code, Title 11, United States Code, Section 101 et seq., in the United States Bankruptcy Court in the District of Guam. The matter was captioned *In Re* Juan C. Tenorio & Associates, Inc, Case No. 99-00084. Subsequently on or about December 6, 1999 the case was converted to a Chapter 7 liquidation.

(Indictment 3 (filed Aug. 15, 2007).)

Of course the debtor in the bankruptcy case described in Count I is a corporation: "*In Re* Juan C. Tenorio & Associates, Inc." (Indictment 2 (filed Aug. 15, 2007).)

When the bankruptcy case described in Count I was converted from a chapter 11 reorganization to a chapter 7 liquidation, discharge was no longer possible, because under chapter 7 a corporate debtor cannot be discharged. (11 U.S.C. § 727(a)(1)("The court shall grant the debtor a discharge, unless . . . the debtor is not an individual").)

3

(MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT JUAN C.
TENORIO TO DISMISS COUNT I OF THE INDICTMENT)
Criminal Case No. 07-00078

When Juan C. Tenorio & Associates, Inc.'s bankruptcy was converted to a chapter 7 liquidation, on December 6, 1999, and discharge was no longer possible, the statute of limitations began to run:

> The general statute of limitations for noncapital offenses is five years. *See* 18 U.S.C. § 3282 . . . . The parties do not dispute that this five-year limitations period applies to the offense of concealment of assets. Instead, the dispute is about when the time began to run.
>
> . . . .
>
> Section 3284 provides that the limitations period begins when the debtor is discharged or denied discharge. CAL, as a corporate debtor, potentially could have received discharge under Chapter 11. *See* 11 U.S.C. § 1141(d)(1)(A)("Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, *the confirmation of a plan . . . discharges the debtor* from any debt that arose before the date of such confirmation . . . ."). But when CAL converted from Chapter 11 to Chapter 7, discharge was no longer possible. Under Chapter 7, a corporate debtor cannot be discharged. *See* 11 U.S.C. § 727 ("The court shall grant the debtor a discharge, unless . . . the debtor is not an individual . . . .").
>
> The government argues that, because discharge (and therefore denial of discharge) is no longer possible for CAL, the statute of limitations never will begin to run.

4

> This view would place the offense of concealment of assets in the same category as capital offenses, the extraordinary offenses for which no limitation exists. We cannot agree that Congress intended that result.
>
> . . . .
>
> Courts addressing this issue have determined that, where discharge is no longer possible, the date upon which the discharge became impossible is the date upon which the statute of limitations begins to run. In other words, the limitations period should begin when an event occurs that has the same effect as the denial of discharge. Events which have been held to have the same effect as denial of discharge include the voluntary dismissal of bankruptcy proceedings, the waiver of discharge, and the failure to file timely for discharge. *See [United States v.] Guglielmini*, 425 F.2d [439] at 443 [(2nd Cir. 1970)]; *Rudin [v. United States]*, 254 F.2d [45] at 47; *[United States v.] Zisblatt Furniture Co.*, 78 F.Supp. [9] at 12-13 [(S.D.N.Y. 1948)]; *cf. Winslow v. United States*, 216 F.2d 912, 915 (9th Cir. 1954) (because power to apply for discharge remained with defendant, statute of limitations did not begin to run until application for discharge or denial of discharge).
>
> Considering the alternative interpretation offered by the government, that no statute of limitations applies to situations like this one, we decide that Defendant's view of the law is correct: "[T]he period of limitation runs from the date of the event when discharge becomes impossible . . . ." *Guglielmini*, 425 F.2d at 443. In our

5

> view, CAL's choice to convert from Chapter 11 to Chapter 7 operated like a waiver of discharge, making discharge impossible.
>
> When CAL's bankruptcy was converted to Chapter 7, on 1 December 1987, discharge was no longer possible; and the statute of limitations began to run.

(*United States v. Gilbert*, 136 F.3d 1451, 1453-55 (11th Cir. 1998).)

The bankruptcy case described in Count I was converted from a chapter 11 reorganization to a chapter 7 liquidation on December 6, 1999. (Indictment 3 (filed Aug. 15, 2007).) The indictment was not filed until August 15, 2007. (Indictment 1 (filed Aug. 15, 2007).) Accordingly, Defendant Juan C. Tenorio's motion to dismiss Count I of the indictment must be granted.

Dated, Hagåtña, Guam,

September 20, 2007.

Respectfully submitted,

*[signature]*
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for Defendants

(DOCUMENTS/Memo.DisIndict.JCTaitano)

6

# DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendants herein, and that on September 20, 2007, I served the document to which this declaration is annexed on Jeffrey J. Strand, Esq., First Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy thereof at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, his last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 20, 2007, at Hagåtña, Guam.

REINA Y. URBIEN