

**ORIGINAL**

LEONARDO M. RAPADAS
United States Attorney
JEFFREY J. STRAND
First Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM

OCT 17 2007

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JUAN C. TENORIO and ) <br> CHARLENE F. TENORIO, ) <br> ) <br> Defendants. ) | CRIMINAL CASE NO. 07-00078 <br><br> **GOVERNMENT'S MEMORANDUM REGARDING JOINT REPRESENTATION** |

The Sixth Amendment of the Constitution guarantees a criminal defendant the right to effective assistance of counsel which includes the right to representation by an attorney's undivided loyalty free from conflict of interest. Wheat v. United States, 486 U.S. 153, 157 (1988). The right to conflict free representation exists not only in the trial context, but also during the plea negotiation stages and sentencing. Holloway v. Arkansas, 435 U.S. 475, 490-91 (1978). The essential aim of the Sixth Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will be represented by the specific lawyer whom he or she prefers. Wheat, 486 U.S. at 159. "[A] court confronted with and alerted

to possible conflicts of interest must take adequate steps to ascertain whether the conflicts warrant separate counsel." Id. at 160.

Federal Rule of Criminal Procedure 44(c) also imposes a duty on the court to inquire whenever defendants are jointly represented. While an attorney's joint representation of co-defendants is not a per se violation of the Sixth Amendment right, joint representation may still impair counsel's effective advocacy and result in a claim of ineffective assistance of counsel.

On October 11, 2007, the Honorable Joaquin V.E. Manibusan, magistrate judge, conducted an exhaustive the Rule 44(c) inquiry and found that no actual conflict of interest existed at the time and that no conflict of interest was likely to arise to preclude joint representation.[1] But, the trial court's obligation under Rule 44(c) remains a continuing one. The Commentary to Rule 44(c), effective December 1, 1980, reflects:

> On the other hand, the mere fact that a rule 44(c) inquiry was conducted in the early stages of the case does not relieve the court of all responsibility in this regard thereafter. The obligation placed upon the court by rule 44(c) is a continuing one, and thus in a particular case further inquiry may be necessary on a later occasion because of new developments suggesting a potential conflict of interest.

In United States v. Lightbourne, 104 F.3d 1172, 1178 (9th Cir. 1997), the Ninth Circuit denied an ineffective assistance of counsel claim where defendants - husband and wife in a bankruptcy fraud prosecution - waived potential conflict regarding their ability to plea bargain.

---

[1] No motion to disqualify counsel was filed by the government. A motion to conduct the mandatory Rule 44(c) inquiry was filed because of joint representation. That motion is a nondispositive motion that a magistrate judge may decide, and is reviewed by the district court under the "clearly erroneous or contrary to law standard" 28 U.S.C. § 636(b)(1)(A); Gray v. Rhode Island Dept. Of Children,Youth & Families, 937 F.Supp. 153, 156 (D.R.I. 1996). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co, 333 U.S. 364, 395 (1948). The "contrary to law standard" permits a district court to conduct an independent review of a magistrate judge's purely legal determinations. FDIC v. Fidelity & Deposit Co. of Maryland, 196 F.R.D. 375, 378 (S.D. Cal. 2000). The district court may exercise its authority to reconsider the magistrate's determination. Thomas v. Arn, 474 U.S. 140, 151 n. 10 (a magistrate judge's ruling on a nondispositive motion will be final "unless a judge of the court exercises his ultimate authority to reconsider the magistrate's determination").

Nonetheless, the Court in <u>Lightbourne</u>, recognized that the district court has "substantial latitude" in determining whether to permit or prevent joint representation. <u>Id</u>, at 1178 (quoting <u>Wheat</u>, 486 U.S. at 163. The Supreme Court in <u>Wheat</u> made clear that the trial court may override a defendant's waiver of conflict-free representation even where, as here, it has been found that a conflict is not likely to arise:

> [T]he district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which *may or may not* burgeon into an actual conflict as the trial progresses . . . .

<u>Id</u>., 486 U.S. at 163-64 (emphasis added).

It must be noted that the introduction, at this point, of another attorney to represent one of the defendants would create a conflict. Current counsel admitted to having discussed privileged communications with the defendants jointly. This creates a situation in which, on the one hand, current counsel cannot use client confidences gained during joint representation against a defendant now represented by another lawyer, and, on the other hand, current counsel has a duty to represent his client zealously and vigilantly. It is extremely difficult for an attorney to fulfill his ethical duties when faced with the potential of having to forego zealous advocacy to protect client confidences, or conversely, of having to forego client confidences to pursue zealous advocacy. Current counsel, for example, may find himself in an actual conflict of interest where the interests of his now sole client demand that he pursue a particular line of cross-examination based on confidences obtained during the period of joint representation. <u>Wheat</u>, 486 U.S. at 156.

//
//
//
//
//
//

-3-

Case 1:07-cr-00078   Document 53   Filed 10/17/2007   Page 3 of 4

The law is clear that a defendant's right to counsel of choice is qualified and not absolute. Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear to be and are fair.

RESPECTFULLY SUBMITTED this 17th day of October, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the CNMI

By: /s/ Jeffrey J. Strand
JEFFREY J. STRAND
First Assistant U.S. Attorney