(ryu)

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for Defendants

FILED
DISTRICT COURT OF GUAM

OCT 1 9 2007

JEANNE G. QUINATA
Clerk of Court

## DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07-00078 |
| Plaintiff, | REPLY TO GOVERNMENT'S MEMORANDUM REGARDING JOINT REPRESENTATION |
| vs. | |
| JUAN C. TENORIO and CHARLENE F. TENORIO, | |
| Defendants. | |

The Government concedes that "the Honorable Joaquin V.E. Manibusan, magistrate judge, conducted an exhaustive the [sic] Rule 44(c) inquiry and found that no actual conflict of interest was likely to arise to preclude joint representation." (Gov't's Mem. Regarding Joint Representation 2 (filed Oct. 17, 2007).)

ORIGINAL

(REPLY TO GOVERNMENT'S MEMORANDUM REGARDING JOINT REPRESENTATION)
Criminal Case No. 07-00078

The Government agrees that the "motion to conduct the mandatory Rule 44(c) inquiry . . . is a nondispositive motion that . . . is reviewed by the district court under the 'clearly erroneous or contrary to law standard'." (Gov't's Mem. Regarding Joint Representation 2 (filed Oct. 17, 2007)(citations omitted).) The Government cites *FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375 (S.D. Cal. 2000). (Gov't's Mem. Regarding Joint Representation 2 n.1 (filed Oct. 17, 2007).) *Fidelity & Deposit Co. of Md.* says, "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." (196 F.R.D. at 378 (citation omitted).) The Government cites *Gray v. R.I. Dep't of Children, Youth and Families*, 937 F.Supp. 153 (D.R.I. 1996). (Gov't's Mem. Regarding Joint Representation 2 n.1 (filed Oct. 17, 2007).) *Gray* says that "if two interpretations of the evidence are permissible, then a court's choice of one cannot be clearly erroneous." (937 F.Supp. at 156.)

The Ninth Circuit is in accord:

> A non-dispositive order entered by a magistrate must be deferred to unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A). The district court reviews "the magistrate's order for clear

2

> error." . . . "Pretrial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to *de novo* determination. . . ." . . . The reviewing court may not simply substitute its judgment for that of the deciding court.

(*Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991)(citations omitted).)

And the Third Circuit has held:

> The clear and unambiguous language of the statute . . . provides for different standards of review when the district court "reconsiders" rulings of the magistrate judges in non-dispositive matters under (b)(1)(A), and when it considers "written objections" to "proposed findings and recommendations" of the magistrate judge in dispositive matters under (b)(1)(B) and (C). Under (b)(1)(A), the standard of review is circumscribed: The district court is bound by the clearly erroneous rule in findings of facts; the phrase "contrary to law" indicates plenary review as to matters of law. *See also* Rule 72(a), Fed. R. Civ. P. ("Nondispositive Matters"). Under (b)(1)(B) and (C), the district court is permitted to make a de novo determination of proposed findings and recommendations, may accept, reject or modify, in whole or in part, the findings and recommendations, and "may also receive further evidence." *See also* Rule 72(b), Fed. R. Civ. P. ("Dispositive Motions and Prisoner

3

> Petitions").
>
> The distinction is important here, because the district judge was reviewing a subparagraph (A) non-dispositive matter and not a dispositive matter under subparagraphs (B) and (C). It is a distinction *with* a difference. In a subparagraph (A) matter, the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.

(*Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3rd Cir. 1992).)

Dated, Hagåtña, Guam,

October 19, 2007.

                              Respectfully submitted,

                              _____
                              HOWARD TRAPP
                              For HOWARD TRAPP INCORPORATED
                              Attorney for Defendants

(DOCUMENTS/RplyGovMemo.JCTaitano)

# DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendants herein, and that on October 19, 2007, I served the document to which this declaration is annexed on Jeffrey J. Strand, Esq., First Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy thereof at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, his last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 19, 2007, at Hagåtña, Guam.

REINA Y. URBIEN