(ryu)



FILED
DISTRICT COURT OF GUAM

DEC - 6 2007

JEANNE G. QUINATA
Clerk of Court

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for Defendants

## DISTRICT COURT OF GUAM

-----------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ( | Criminal Case No. 07-00078 |
| | ) | |
| Plaintiff, | ( | MEMORANDUM IN SUPPORT |
| | ) | OF MOTION TO STRIKE |
| vs. | ( | MATTER AS SURPLUSAGE |
| | ) | AND OBJECTION TO |
| JUAN C. TENORIO and | ( | ADMISSION OF EVIDENCE |
| CHARLENE F. TENORIO, | ) | |
| | ( | |
| Defendants. | ) | |

-----------

I

"Upon the defendant's motion, the court may strike surplusage from the indictment . . . ." (Fed. R. Crim. P. 7(d).) Defendants move to strike from the indictment the allegation that accounts receivable of approximately $74,817.05 from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong

ORIGINAL

Entertainment (Overseas) Investments Limited regarding architectural, engineering, and landscaping services provided by Juan C. Tenorio & Associates, Inc. for the Tinian Dynasty Hotel and Casino, formerly known as Tinian Casino Palace Hotel, were property belonging to the estate of the debtors, Juan C. Tenorio and Frances C. Tenorio, on the grounds that the allegation is not relevant to the charge of unlawful concealment of assets in connection with a bankruptcy case and that it is prejudicial to Defendants. (Motion to Strike Matter as Surplusage (filed herewith).) "A motion to strike will be granted when the disputed matter is irrelevant . . . or prejudicial." (24 Daniel R. Coquillette et al., *Moore's Federal Practice* ¶ 607.06[1], at p. 607-40 (3d ed. 2007).)

II

"Evidence which is not relevant is not admissible." (Fed. R. Evid. 402.) Defendants object to the admission of evidence that Juan C. Tenorio or Charlene F. Tenorio concealed from the trustee charged with the control and custody of property or from the United States Trustee or from creditors of the debtors in the bankruptcy proceeding under Title 11, United States Code, entitled

(MEMORANDUM IN SUPPORT OF MOTION TO STRIKE MATTER AS SURPLUSAGE AND OBJECTION TO ADMISSION OF EVIDENCE)
Criminal Case No. 07-00078

*In Re Juan Cruz Tenorio and Charlene Frances Tenorio*, Bankruptcy Case No. 02-00096 in the District Court of Guam, accounts receivable of approximately $74,817.05 from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited regarding architectural, engineering, and landscaping services provided by Juan C. Tenorio & Associates, Inc. for the Tinian Dynasty Hotel and Casino, formerly known as Tinian Casino Palace Hotel, on the ground that it is not relevant. (Objection to Admission of Evidence (filed herewith).) "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. R. Evid. 401.)

### III

The statute which Defendants are alleged to have violated provides,

> A person who . . . knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any *property belonging to the estate of a debtor* . . . shall be fined

3

> under this title, imprisoned not more than 5 years, or both.

(18 U.S.C. § 152(1)(emphasis added).)

## IV

The accounts receivable of approximately $74,817.05 from a contract by and between Juan C. Tenorio & Associates, Inc. and Hong Kong Entertainment (Overseas) Investments Limited regarding architectural, engineering, and landscaping services provided by Juan C. Tenorio & Associates, Inc. for the Tinian Dynasty Hotel and Casino, formerly known as Tinian Casino Palace Hotel, were not property of Defendants and therefore were not property of Defendants' bankruptcy estate:

> The corporate assets of Fowler Trucking, Inc. are not property of the debtor and therefore cannot become property of Fowler's bankruptcy estate. Hence, the question of an exemption does not arise. *See* 2 *Collier on Bankruptcy* § 101.30[3], pg. 101-96 (15th ed. rev.)(stating that "while the individual's interest in the partnership or corporation (which could be 100%) would be property of the estate, the assets of the partnership or corporation would not be."); *Ginsberg and Martin on Bankruptcy* § 5.01[B] (stating that "the interest in question [an interest included in the estate] must be the debtor's property. For

4

> example, if the debtor owns shares in a corporation, the shares become part of the estate; the assets of the corporation do not.").

(*Fowler v. Shadel*, 400 F.3d 1016, 1019 (7th Cir. 2005).)

Dated, Hagåtña, Guam,

December 6, 2007.

Respectfully submitted,

_____
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for Defendants

(DOC/Memos/StrikeSurplus.JCTaitano)

5